the court of the state of Illinois has now convened the Honorable Peter C. Kavanaugh presiding. Good morning we'll first call 4-22-1060 N. Ray Marriage of Fannie S. Lewin and Perry H. Lewin. Counsel for the appellant please state your name for the record. Yes I thank you your honor Jeffrey Riva R. Y. V. A. for Fannie Lewin appellant. Thank you and counsel for the appellee. Judy Saratella for the appellee Pierre Lewin. Thank you Mr. Ray you may proceed. Yes please the court Ms. Saratella I'm pleased to be here to this appeal. I think where I want to start is I think where they tell us all to start which is what's the standard of review because I think there's a dispute on that your honors and our view is that despite the fact that there was you know something that you know looked like a trial with witnesses called that really the issue is one of law it depends on the interpretation of marital settlement agreement the evidence was really only about the party's conduct or some of the rules of construction in connection with interpreting agreements really that boiled down to some documentary exhibits the transcripts from the previous judges of rulings and orders pleadings and orders etc this was really not a credibility determination on the issue of the meaning of the actual agreement so we think that while and we're not really even contesting anything other than the interpretation of the agreement as a matter of law we realize and I think we made abundantly clear in our brief and in front of the trial judge that we were objecting to you know the construction that Pierre had put on the agreement that the court ultimately did as but that if she ruled against us well then we didn't have any other arguments you know about compliance or non-compliance what Fannie did was basically act in accordance with what her belief was as to the meaning of the agreement after Judge Asbury you haven't said anything yet you just bounced around let's get to the crux of the matter what is your strongest position that your clients interpretation of the marital settlement agreement ought to okay my position in in short order is basically that again it's a question of law and that when Judge Wilson got the case Judge Asbury had previously clarified the marital settlement agreement the marital settlement agreement has been subject to years of litigation I mean the pure fact that Judge Asbury's order said that he was clarifying the marital settlement agreement tells me and hopefully it tells the court that this document these paragraphs needed clarification our point is that Judge Wilson just flat out missed the point that Judge Asbury had actually in his rulings and in his order for that matter had concluded that unlike what we had what that these accounts were the kids accounts that they never were the kids accounts and by the time he clarified that that showed that actually these were the parents own accounts and basically at that point what we think happened was that the circuit judge construed this more as like a custodial account issue where the money goes to the kids but the 529 laws which we cited in our that the actual owner of the account can use it for other educational expenses not just for that particular child so that that in a nub is what we say the the issue is now the other thing I want to make sure I mentioned here is that we argued that there was a in addition to just the construction argument that even if the court had found this clear that there was a mistake and we all know that a mutual mistake can vitiate an agreement and we said basically in you know sum and substance that when the parties were talking about these accounts remaining the accounts of the children they couldn't have ever remained the accounts because they never were the accounts of the these were the accounts of the parents now there's also parts of the record that show Pierre basically emailing Fannie and making statements as if he had gifted the money into her 529s back way before the marital settlement agreement was even enacted or even executed so our point there is that when he did that the law is part of every agreement we all know that law is part of every agreement and what happened here was I think this is and I know we argued this below that this actually if it wasn't and again going back real quickly we had tried to expense order it's a property distribution if it's a property distribution and Pierre gifted the money that would have been non-marital property so Fannie would have owned those accounts as her non-marital property at the time that was a huge mistake on the part of all of the parties now from Pierre's standpoint I think he's just as equally mistaken because throughout as I show in my brief first he thinks the trust funds are the same thing as the 529s he thinks he owns them then he thinks that the kids own them then he thinks they're regular trust accounts then in his last brief he says that Fannie is the manager of the accounts none of these have any bearing and it seems to me the the plain fact that the judge never ruled on the mistake theory I mean all she did was just look and say I don't think it's I think it's unambiguous I don't think that what judge Asbury said in his orders or rulings changed that but he said he was clarifying and providing a process for how all of this could could work if he was just clarifying by providing a process he would have said I'm clarifying by providing a process so he was clarifying that these accounts were really owned by the parents and that this was a property distribution and judge Wilson I interrupt you for a moment sure you might certainly your okay that uh uh the uh the prior uh uh trial court uh that prior to uh judge Wilson and I'm sorry who uh who was the trial judge judge Asbury judge Asbury but that judge Asbury clarified but there was never a a written order or a ruling or finding uh uh supporting your clients uh thought that uh the 529s were the uh the parents uh property is that right well my position on that is if you take a look in that regard is that correct what is is there a specific verbiage I would agree with you but can I just make a quick comment because what it happened correctly because your your time's running short I know the the the the our point there is yes I will agree with you it doesn't specifically say what I think your question is saying did we actually have that in the order but if you have to look at the context before all that had happened judge Asbury other judges were everybody was referring to this as the children's account that's what the clarification was and even if you look at his ruling he says that but then it's also important to note that he starts talking in that order after that hearing of uh let's see what was the date the after the May 13th hearing he actually starts talking then in his ruling where he's talking these are the parents accounts he does that in paragraph three of that order and twice in paragraph five that's what we're saying is maybe not in so many words but that by concluding at that point that those were the parents accounts that shows that everything that came before that was was a mistake on the part of both parties that's that's what our position ultimately your client engaged in a course of conduct that was found to be uh uh contrary uh to uh uh the court's prior order and basically did so at her own risk because she knew that it had not been clarified uh by way of a finding or court ruling but it was an assumption based on the way uh uh judge Asbury was referring to things uh in comments is that correct yes she she did access the money put it into a secure account it's not like it was ever at risk at all and she said in her testimony that she was always going to abide by the ruling i think what her fear was you know we know when we're talking about agreements the party's conduct you know is certainly relevant and we thought that if she didn't take some step to you know basically take action on her belief that the other side would be saying that believe it she doesn't believe it doesn't believe her own words so that's why she did what she did and she only went to the point of putting it to a secure location it's not like she went and put money in a put all the money in a house or blew it at the gambling tables or something okay thank you okay thank you your honor um that that really is a a summary here of what i wanted the court to be aware of i guess you know back to if i have a few more minutes you know when it comes down to it if this is an interpretation of the agreement issue you have to look at the law and the law that judge as beer i think he did clarify this enough through his ruling on the record and also even though not in so many words by referring to the by referring to the accounts as the parents they were not college accounts that that brings in this issue about the law of gift and that this would be fanny's non-marital property i'm not going to bother the court we've set forth all our arguments about all the various rules of i do have a specific uh question to ask you about the contempt finding uh your client is appealing the uh the contempt order is that right yes we are what we're saying in again we think that we're right on the merits but only your q3 can tell us whether we're right or wrong as i know from my appellate seminars you probably already have seen something and my alternate argument there judge is that this is something that i mean i know fanny did access the money but it was to a secure location she didn't take any steps that i think were contemptuous she she knew that she was going to be appealing this and i don't think this is something that warranted a contempt finding if we lose we lose but this is really the first time especially after judge asbury at a minimum i think everybody would have to agree that by the time judge asbury got done with this he had certainly done something to make this a different than what it had been to begin with and she just had every legal right to have the court to interpret it and she was interpreted against her but it was not an affront to the court's power and dignity to seek a ruling that had never previously been made mr ray that uh the order at issue is the one entered november 7 2022 is that correct right and then there's the the fee awards that right that's that's the main order then i think the court may know that i think we there was an order specifically as to the contempt finding right that's the contempt finding okay so in the contempt order uh what was the sanction that was entered specifically what did judge wilson identify as the sanction for contempt well certainly the attorney's fees this would have been where does it say that there is a sanction entered it says it right in the uh in the what doesn't say in that order it says that miss serratella can file a request for fees and then that's what i meant the subsequent orders set the amount of the fees as the sanction it would have been any contempt order any valid identifies a specific course of action that the contempt nor can take to purge him or herself of contempt is that in this order are either of those two things in this order well i think what what we we understood the order to mean that fanny had been held in contempt miss serratella could file a fee petition and then the amount of fees was to be paid now we we went ahead and paid the fees only because we figured we'd be they'd be claiming we were in contempt again but i think i know what we've talked about if we win then we would get that money back but the other sanction that i see here is just the sanction of me since this was a contempt case the other sanction of course is the actual ordering of the transfer of the money now if the judge is right let's just have to transfer victorine's part she's the one that's out of college she's she's done lucas is still in college the only thing that we talked about in the trial was one missed payment by fanny and that was brought to her attention in a hearing we immediately it had to do with we sent it to some place and i think lucas and victorine and pierre were in europe on vacation so you know again it wasn't like a string of missed payments our point there is that i guess the sanction would have included transferring lucas's entire five you know or fanny's 529 to lucas for the uh you know for what she was holding in that balance i don't know where the authority would have been to do that otherwise because even judge asbury previously had said he didn't think he had any power to order any transfers of 529 money mr rima i'll just ask one final question i don't want to monopolize my colleagues uh time here but is it accurate that you have not raised as an issue in this appeal that the trial court's contempt order is invalid because it did not contain a sanction or purge provision no because i i would agree that we did not raise that because if the only order had been what you're pointing out i would have made that argument but because you have to look at it in the context of the actual fee award that came after it i think that that i don't think this is one that is the type of contempt that it was really curable it's more of you were in contempt violated the order you got to pay his attorney's fees this is not something that i don't think fanny was you know directed to do something i don't see this as a keys to the jail cell type of contempt if you get my drift it's you lose and you pay attorney's fees and that's it so that's what all i have to say about that anything else counsel no i'd be happy to answer any other questions but i'll defer thank you i have questions i need to set it up um early in your argument justice harris asked you about the potential of assumptions being made and the facts as i understand them is that and i recall them is that the statement from the court that was used is that these accounts these 529s uh are the parents accounts and so there's sort of a conclusion what what's your answer with regard to the assumption your client allegedly made that these are there was some type of ruling or finding that these were no longer traditional 529 use accounts well i guess i would say that they actually were traditional 529s but i in some substance as i alluded to earlier we thought that we needed to that she needed to access that money to get it into a safe location just to show that she had thought that this was a 529 use account well maybe maybe this is an aside and not a question but it seems in a family law matter that parties often go back to court looking for clarifications motion to reconsider that that doesn't seem to be in the record but let me let me ask because the reason i i asked these questions that you later say in one of your responses that uh in fact it's not a what i'm looking for is something the court did other than um state that these are the parents account i don't recall and it's been some time but i don't recall the language that these are not college accounts is that language going to be found in the record if i go back and uh yes that's you're talking about transcripts yes 2262 of the common law record c2262 and 232426 those are those were exhibits in our hearing so that's why they're in the common law record there was probably in both but they're those are the notes i have and so i'll i will find the verbiage that they're no longer college accounts because that sounds more of a fine uh like a finding the court made and i just don't recall having seen that first time around but it's been some time um my recollection is that the language the court used is that they are not um the funds are the parents accounts there's a difference right well i think that's still what our whole point is that i mean at the end of the day pierre fought tooth and nail to avoid the paragraphs 12 and 13 being college expense orders that could have been otherwise modified due to you know at least allegations that he had sold his business and made a big pile of money so he fought tooth and nail but now once it seems that it's come back to now this is all a property distribution that's where the mistake lies that's where the argument about the gift from pierre to fanny has arisen and all these things didn't come up until just in the series of hearings here with judge asbury none of which rulings were appealed so here we are very well any other questions thank you counsel thank you so much your honors all right counsel um saratella am i saying that correctly i'm sure i'm not no you are it's saratella very well you may proceed thank you your honor uh basically i believe judge wilson got this correct in her november 7th 2022 order these two got divorced in august of 2016 they reached a property agreement and then here we are years later the wife is unhappy with the agreement whether she went through her money i don't know i don't care but she then started on a course of conduct to steal her kids college funds and she ultimately did it and so pierre had to spend thousands of dollars in attorney's fees to get that undone uh so basically in a nutshell i i think this just boils down to as simple as that uh the interest of judicial economy i'll leave it if you have any questions for me but i would stand on my brief and judge wilson's order thank you any questions any rebuttal to any of the statements of counsel um well if there weren't many so it won't be very long uh it is a that's maybe a great closing argument on the effect but i i think you still the linchpin of the whole appeal is is the interpretation whether judge wilson misinterpreted that we think there was enough of what judge asbury had said that it needed to be clarified he did clarify it and that there's a mistake as soon as we get to the point where we start talking about the parents owning the accounts and it's been declared by judge asbury that means that there had to be a mistake the paragraphs 12 talk about the property remaining the children's something can't remain the children if it never was the children and and it was it was retroactive that they didn't just become the parents 529s when judge asbury ruled they he showed that they had been that way since 2007 when they were started so that's uh i think about all i can say about that let me ask a question agreement who prepared well that actually was a miss aratella's co-counsel dave mccarthy well uh were you part you were you of counsel at that point i was yes your honor well what did you all think that that meant well we those paragraphs of the marital settlement agreement which make it which say not in so many words but in very specific words well i think what what we thought the money's for educational expenses if you don't spend it it gets divided among the other kids well we we think that what the issue that arose was that's why this it's so important that that we framed the case in terms of mistake but never got a ruling on a mistake our mistake argument is that let's assume that we and fanny everybody realized we all read the document okay what they use the word the children's accounts i don't think anybody at that point realized that these weren't the children's accounts and if we had not been mistaken both sides at that point there would have been a whole different ball game and reaching a settlement because then we would have had this couple of hundred thousand dollars per kid sitting out kind of in no man's land and we would have pushed that would have been of fanny's non-marital property so thank you okay hope that helps i don't have anything else your honors i'd be happy to answer any further questions okay hearing none the court will take this matter under advisement